This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CAROL CHAVEZ,**

    Worker-Appellant,

**v.**                                                                                              **No. 35,104**

**LOVELACE WOMEN'S HOSPITAL**
**and CCMSI,**

    Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, District Judge**

Rod Dunn
Rio Rancho, NM

for Appellant
Camp Law, LLC
Minerva Camp
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Worker has appealed from an award of attorney fees. We previously issued a notice of proposed summary disposition in which we proposed to uphold the WCJ's determination. Worker has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The only issue on appeal concerns the application of the statutory fee-shifting provision. [DS 6; MIO 1-8] *See* NMSA 1978, § 52-1-54(F)(4) (2013) (providing that the worker may serve upon the employer an offer, and "if the worker's offer was less than the amount awarded by the compensation order, the employer shall pay one hundred percent of the attorney fees to be paid the worker's attorney").

{3} We do not understand there to be any dispute as to the operative facts and principles of law, as previously set forth in the notice of proposed summary disposition. We will avoid unnecessary reiteration here and focus instead on the content of the memorandum in opposition.

{4} Worker contends that her initial offer of judgment, dated February 16, 2012, is lower than the award actually rendered on July 27, 2015. [MIO 1-2, 5-6] Strictly speaking, this may be accurate. However, this is an apples-to-oranges comparison. The initial offer addressed only PPD benefits, relating to pre-surgical conditions. The offer wholly failed to address (and certainly did not disclaim) the surgical treatment and post-operative benefits that later became issues. Worker does not dispute that the

2

additional scheduled injury benefits that she ultimately received, above and beyond the PPD benefits that were the subject of the initial offer, correlate with post-surgical conditions upon which the initial offer was silent. [DS 3; MIO 4-5] Insofar as the initial offer of settlement did not address critical issues relating to ensuing developments, the WCJ properly concluded that it did not supply an appropriate basis for application of the fee-shifting provision. *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 26, 142 N.M. 605, 168 P.3d 177 (observing that although an offer of judgment may fail to address details, where critical issues are unresolved, the offer does not supply an appropriate basis for fee shifting).

{5}     In her memorandum in opposition, Worker contends that the foregoing analysis places an impossible burden upon her, effectively requiring her "to look into the future, divine subsequent material events . . ., and somehow incorporate those future events into the offer of judgment." [MIO 3-4] We do not suggest such a result, and the history of this very case illustrates otherwise. When significant developments arise in the course of the proceedings, altering the scope of the issues, offers of judgment may be modified or new offers may be made that address those developments. Under such circumstances, the last offer of judgment, which (presumably) reflects most accurately the actual state of affairs at the time the matter proceeds to a resolution on the merits, would supply the appropriate point of reference for purposes of applying the statutory

fee-shifting provision. In this case, however, Worker appears to concede that her last offer of judgment did *not* satisfy the statutory requisites. As a consequence, her claim of entitlement to fee shifting is unavailing.

{6} Worker urges this Court to approach the situation, analytically, by asking, "what would have happened if Employer/Insurer had accepted Worker's [February 16, 2012,] offer of judgment." [MIO 6] Worker contends that she would have received $1 less in PPD benefits than she was entitled to, she would have received the same medical care that was ultimately provided and the dispute between the parties would have been resolved. [MIO 6-7] However, this is not only speculative but inconsistent with the known course of ensuing events, which as previously mentioned entailed additional surgical intervention and pursuit of scheduled injury benefits. Given the actual history of the case, we are unpersuaded by Worker's suggestion that she "would have resolved her case in early 2012 for the payment of less benefits" had Employer/Insurer accepted her offer at that juncture. [MIO 7]

{7} Finally, we understand Worker to contend that Employer/Insurer's failure to accept the original offer should be regarded as unreasonable and to contend that insofar as Employer/Insurer "forced Worker to engage in another three years plus of litigation" for the purpose of obtaining a less favorable ruling, "a financial sanction should be levied" in the form of attorney fees. [MIO 8] Once again, however, this

4

argument fails to account for the narrow scope of the initial offer that would have left unaddressed the questions surrounding Worker's entitlement to additional, post-operative scheduled injury benefits. We decline to speculate that Worker would have elected *not* to pursue her claim for scheduled injury benefits had Employer/Insurer accepted the initial offer, and it is not at all apparent that the ultimate ruling is less favorable to Employer/Insurer when the ultimate scope of the issues is considered. We therefore remain unpersuaded.

{8}     Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm.

{9}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**STEPHEN G. FRENCH, Judge**